IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ARTHANIEL BERNARD STATON, #117680, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 3:18-cv-459-ECM-SMD |
| DEWAYNE ESTES and STEVEN T. MARSHALL, | ) ) ) | [WO] |
| Respondents. | ) ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Before the Court is Alabama inmate Arthaniel Bernard Staton's petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Staton challenges his 2016 Lee County murder conviction and resulting 30-year sentence. For the following reasons, the undersigned Magistrate Judge RECOMMENDS that Staton's petition be DENIED without an evidentiary hearing and that this case be DISMISSED WITH PREJUDICE.

**I.     BACKGROUND**

On September 23, 2016, a Lee County jury found Staton guilty of murder in violation of ALA. CODE § 13A-6-2. Doc. 6-1 at 14. On October 17, 2016, the trial court sentenced Staton to 30 years in prison. *Id.*

Staton appealed to the Alabama Court of Criminal Appeals, where his appellate counsel filed a no-merit, "*Anders* brief"[1] stating he could find no meritorious issues for

---

[1] *Anders v. California*, 386 U.S. 738, 744 (1967).

review. Doc. 6-3. Staton was afforded an opportunity to submit pro se issues for appellate review and did so in a brief, where he asserted claims that: (1) his conviction should be set aside because the State failed to prove venue; (2) his trial counsel was ineffective for failing to object to the State's failure to prove venue and for failing to move for a judgment of acquittal on this ground; and (3) he was entitled to a new sentencing hearing because he was not afforded an opportunity for allocution before his sentence was imposed. Doc. 6-4 at 9–19.

On December 8, 2017, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed Staton's conviction and sentence. Doc. 6-5. Staton applied for rehearing, which the Alabama Court of Criminal Appeals overruled on January 12, 2018. Doc. 6-2 at 2. Staton filed a petition for writ of certiorari with the Alabama Supreme Court (Doc. 6-6), which that court denied on March 16, 2018 (Doc. 6-2 at 2). A certificate of judgment issued the same day. Doc. 6-2 at 2.

On April 25, 2018, Staton initiated this habeas action by filing this § 2254 petition. Doc. 1. In his petition, Staton presents claims that: (1) the State failed to prove venue, i.e., that the offense was committed in Lee County; and (2) his trial counsel was ineffective for failing to object to the State's failure to prove venue and for failing to move for a judgment of acquittal on this ground. *Id.* at 17–20, 21–22.

On September 12, 2019, Staton filed an amendment to his § 2254 petition asserting claims that (1) he is actually innocent of the crime for which he was convicted; (2) the trial court erred by disallowing certain exculpatory evidence regarding other suspects; (3) the trial court's "overall instructions" to the jury were misleading; and (4) his trial counsel was

ineffective for failing to file a motion for new trial alleging errors by the trial court. Doc. 17 at 2–4, 6, 8.

## II.    DISCUSSION

### A.    AEDPA Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes "a highly deferential standard for evaluating state-court rulings" and "demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (quotes and cite omitted). This court cannot disturb state court rulings on fully adjudicated issues unless they

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This is a highly deferential, "difficult to meet" standard that petitioners must overcome. *Harrington v. Richter,* 562 U.S. 86, 102 (2011); *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

And "2254(d) applies even to summary state court opinions, as well as to opinions that do not cite Supreme Court precedent." *Means v. Sec'y, Dep't of Corrs.*, 433 F. App'x

852, 853 (11th Cir. 2011) (citing *Harrington*, 562 U.S. at 98–99). If a state court's decision is unaccompanied by any legal analysis or explanation, the petitioner must still show there was no reasonable basis for the state court to deny relief. *Johnson v. Sec'y, Dep't of Corrs.*, 643 F.3d 907, 930 n.9 (11th Cir. 2011). This court also must presume state court factual determinations to be correct; petitioners must rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e).

### 1.      Proof of Venue

Staton argues he was "denied due process and equal protection of state law in a violation of the Fourteenth Amendment of the United States Constitution where the State failed to prove venue." Doc. 1 at 5, 17. According to Staton, the State's evidence failed to satisfy the requirements of ALA. CODE § 15-2-2, which provides that "the venue of all public offenses is in the county in which the offense was committed." *Id*. at 17. Alabama courts have held that "[p]roof of venue is necessary to sustain a conviction." *Broadnax v. State*, 825 So. 2d 134, 192 (Ala. Crim. App. 2000) (quotes and cite omitted); *see also Ex parte Jones*, 519 So.2d 589, 590 (Ala.1987). Staton contends that the State did not prove that the murder occurred in Lee County and that his conviction must therefore be reversed. Doc. 1 at 17–20.

Staton presented this claim with the pro se brief he filed on direct appeal. Doc. 6-4 at 11–14. The Alabama Court of Criminal Appeals' memorandum opinion affirming Staton's conviction indicated that none of Staton's pro se issues were meritorious, but did not discuss specific reasons for rejecting Staton's proof-of-venue claim. *See* Doc. 6-5.

Staton's proof-of-venue claim is not cognizable on a federal habeas corpus petition. The Due Process Clause of the Fourteenth Amendment prohibits a criminal conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime." *In re Winship*, 397 U.S. 358, 364 (1970). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Sufficiency claims are judged by the elements of the offense defined by state law, but the minimum evidence required to meet the standard of due process as it relates to proving those elements is a matter of federal law. *Coleman v. Johnson*, 566 U.S. 650, 655 (2012). Alabama's murder statute, ALA. CODE § 13A-6-2,[2] does not define venue as an element of the offense. Therefore, the U.S. Constitution's Due Process Clause does not require Alabama to prove venue in a criminal case by a sufficient amount of evidence, even if Alabama law does. The requirement that, in Alabama, the State must prove proper venue is a requirement of state law, not of federal law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991), and a federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law," *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

---

[2] ALA. CODE § 13A-6-2 provides in pertinent part that "[a] person commits the crime of murder if . . . [,] [w]ith intent to cause the death of another person, he or she causes the death of that person or of another person." ALA. CODE § 13A-6-2(a)(1).

Thus, Staton simply has no federal constitutional right to proof that he committed his crime in Lee County. Even if he did, however, the record shows that the State presented sufficient proof of venue. At trial, Opelika Police Officer Jim Moody testified that he responded to the murder scene at "414 South 3rd Street in Opelika, Alabama." Doc. 6-7 at 2–3. Opelika is located in Lee County. *Ex parte W. Fraser, Inc.*, 129 So. 3d 286, 288 (Ala. Civ. App. 2013). Officer Moody's testimony was sufficient to prove venue, i.e., that the offense was committed in Lee County. *See, e.g.*, *Leverett v. State*, 611 So. 2d 481, 481 (Ala. Crim. App. 1992) (finding testimony regarding the street address of the murder scene was sufficient to prove venue); *Moore v. City of Eufaula*, 437 So. 2d 1373, 1374 (Ala. Crim. App. 1983) (explaining that venue is established through testimony that the offense occurred on a specific street); *Dupree v. State*, 148 Ala. 620, 624–25, 42 So. 1004, 1005 (1907) (same).

A conclusion by the state courts that venue was proved in Staton's case would not be an unreasonable application of federal law and, were it reviewable, would be affirmed on that basis. Staton fails to show that the Alabama Court of Criminal Appeals' ruling rejecting his proof-of-venue claim on appeal resulted in a decision that was contrary to or involved an unreasonable application of clearly established Federal law. He is therefore not entitled to habeas relief on this claim.

### 2.    Ineffective Assistance of Counsel Claim

Staton next claims that his trial counsel was ineffective for failing to object to the State's alleged failure to prove venue and for failing to move for a judgment of acquittal

on this ground.[3] Doc. 1 at 21–22. As discussed above, however, Officer Moody's testimony was sufficient to prove venue in Staton's case. Thus, counsel could not be ineffective for failing to challenge venue, because venue was effectively proven by the State. Counsel cannot be deemed ineffective in failing to raise a meritless claim. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Staton does not show that the state court decision regarding his counsel's performance was contrary to, or involved an unreasonable application of, clearly established federal law.[4] *Dunn*, 138 S. Ct. at 11. This claim entitles Staton to no relief.

The court notes that Respondents also correctly argue that Staton's claim of ineffective assistance of trial counsel is unexhausted and procedurally defaulted. *See* Doc. 6 at 4–6. Staton included the claim in his pro se brief on direct appeal. Doc. 6-4 at 15–16. The Alabama Court of Criminal Appeals found that none of Staton's pro se issues were meritorious. Doc. 6-5. Staton did not pursue this ineffective-assistance claim in his petition for writ of certiorari filed with the Alabama Supreme Court. *See* Doc. 6-6. Thus, Staton did not exhaust the claim by submitting it to a complete round of Alabama's established appellate review process. *See, e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001). It is too late for Staton to return to the

---

[3] Staton included this claim in his pro se brief filed on direct appeal. Doc. 6-4 at 15–16.

[4] *Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the clearly established federal law on claims of ineffective assistance of counsel and requires that a petitioner alleging ineffective assistance establish that his counsel's performance was deficient and that he was actually prejudiced by the inadequate performance. 466 U.S. at 687. This requires showing both that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

state courts to fully litigate this claim. The claim is therefore unexhausted and procedurally defaulted. *See Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

While Staton alleges "abandonment" by his appellate counsel as cause excusing his procedural default (Doc. 10 at 3), his allegation of ineffective assistance of appellate counsel has never been presented to the state courts and is defaulted. "[A]n ineffective assistance of counsel claim being used for cause to excuse a procedural default of another claim is not itself excepted from the doctrine of procedural default." *Henderson*, 353 F.3d at 896. Further, because his proof-of-venue claim clearly lacks merit, Staton cannot show that his appellate counsel (or his trial counsel) was ineffective for failing to raise the claim. In conclusion, Staton's ineffective assistance of counsel claim is both without merit and procedurally barred.

### B.    Claims in Staton's Amendment

On September 12, 2019, Staton filed an amendment to his § 2254 petition asserting claims that: (1) he is actually innocent of the crime for which he was convicted (Doc. 17 at 3, 6); (2) the trial court erred by disallowing certain exculpatory evidence regarding other suspects (Doc. 17 at 2, 4); (3) the trial court's "overall instructions" to the jury were misleading (Doc. 17 at 4); and (4) his trial counsel was ineffective for failing to file a motion for new trial alleging errors by the trial court (Doc. 17 at 8).

Respondents argue (Doc. 19) that the claims in Staton's amendment are time-barred under AEDPA's one-year limitation period, as set out in 28 U.S.C. § 2244(d). Section 2244(d)(1) of AEDPA provides that a one-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of

a State court and that it runs from the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date the on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The certificate of judgment in Staton's direct appeal was issued on March 16, 2018, the date on which the Alabama Supreme Court denied his petition for writ of certiorari. *See* Doc. 6-2 at 2. Staton was allowed 90 days after the state court's March 16, 2018 issuance of a certificate of judgment to seek certiorari review in the United States Supreme Court. *See Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003). Staton filed no petition for writ of certiorari in the United States Supreme Court. Therefore, for purposes of AEDPA, his judgment of conviction became final on June 14, 2018 (i.e., 90 days after March 16, 2018). The one-year federal limitation period began to run on that date. *See* 28 U.S.C. § 2244(a)(1)(A). Because no tolling events—either statutory or equitable— occurred during the ensuing one-year period, Staton had until March 16, 2019, to file a timely § 2254 petition. Staton filed his § 2254 petition on April 25, 2018. Therefore, it was timely filed within AEDPA's limitation period. However, Staton filed the amendment to

his § 2254 petition on September 12, 2019—almost six months after AEDPA's limitation period expired.

The Federal Rules of Civil Procedure provide for the relation back of amendments filed after the running of a period of limitation in certain circumstances. Rule 15(c) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." FED. R. CIV. P. 15(c)(2). "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). In order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Davenport*, 217 F.3d at 1344 (citations omitted).

It is clear that none of the claims in Staton's amendment to his § 2254 petition arise from the same set of facts for any claim in his § 2254 petition. His amendment raised claims that: (1) he is actually innocent of the crime for which he was convicted; (2) the trial court erred by disallowing certain exculpatory evidence regarding other suspects; (3) the trial court's "overall instructions" to the jury were misleading; and (4) his trial counsel was ineffective for failing to file a motion for new trial alleging errors by the trial court. Doc. 17 at 2–4, 6, 8. Accordingly, the claims in his amendment do not relate back to venue and, as such, are time-barred.

The court notes that Staton's amendment itself contains a claim of actual innocence. *See* Doc. 17 at 3, 6. The AEDPA statute of limitations may be overcome by a credible showing by the petitioner that he is actually innocent. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[This] standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). The Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, Staton points to no new reliable evidence, as required by *Schlup*, to support a claim of actual innocence. Instead, he makes a blanket assertion of his innocence and alludes to the existence of other individuals who could possibly have committed the murder for which he was convicted or who should have been considered as suspects. Staton's

11

vague, unsupported assertions fail to satisfy the rigorous standard for a colorable claim of actual innocence articulated in *Schlup*.[5] Consequently, the time-barred claims in his amendment are not subject to further review.

## III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that Staton's § 2254 petition be DENIED without an evidentiary hearing and that this case be DISMISSED WITH PREJUDICE.

It is ORDERED that the parties shall file any objections to this Recommendation on or before **July 7, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH

---

[5] The Eleventh Circuit has left open the question of whether federal habeas courts may entertain "freestanding" actual-innocence claims in non-capital cases. *See Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1272 (11th Cir. 2010); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007). However, assuming solely for argument that Staton may assert his "actual innocence" claim as a freestanding, "non-gateway" claim, such a claim would still be subject to AEDPA's procedural restrictions, including the limitation period in § 2244(d). *See, e.g., Moody v. Thomas*, 89 F. Supp. 3d 1167, 1270–71 (N.D. Ala. 2015) (freestanding actual-innocence claim, if cognizable, was subject to exhaustion requirement). As a freestanding claim, his actual-innocence claim is time-barred.

CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 23rd day of June, 2021.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE